### WRIGHT AND OTHERS V. THE TOWN OF VICTORIA.

Where power was given by statute to a municipal corporation to sell any lands belonging to it: *Held*, That the corporation was not authorized to dedicate the timbered land to the free and common use of its citizens, so as to restrain a future sale: *Held, also*, That citizens who purchased lots from the corporation upon the faith of the ordinance purporting to make a dedication of the timbered lands to the free and common use of the citizens were not entitled to an injunction to restrain the sale of the timbered lands.

Appeal from Victoria. The appellants filed their petition, praying an injunction against the corporation of the town of Victoria. In their bill they, in substance, set forth that the town of Victoria received a donation of four leagues of land, under the colonization laws, from the State of Coahuila and Texas; that afterwards it was incorporated by the Republic [**376**] of Texas, and that the town council, under the charter of incorporation, in 1839, passed a resolution whereby the timbered lands upon the outlots belonging to the town was declared to be reserved forever for the common use and benefit of the citizens, with a proviso that the people of the town might, by a general vote, authorize the sale or other disposition of the rights thus secured; that the complainants, induced by this resolution or ordinance, and confiding in the promises of advantage thus held out to them, purchased lands within the town limits, and became citizens thereof; that, notwithstanding the provisions of the ordinance and rights thereby vested in complainants, the town council had recently determined to sell a portion of the timbered land, and appointed a day for such sale; that no pressing necessity existed for this action of the town council, inasmuch as a sufficient revenue could be derived from other sources; and that the sale of this land would greatly lessen the value of the prairie land already purchased by the complainants, and expose them to much inconvenience and irreparable loss. An injunction was awarded. The corporation demurred to the petition, and the District Court sustained the demurrer; from which decision the appellant brought the case by an appeal to this court.

*Newcomb* and *Mitchell*, for appellants. This case is a special injunction sued out by the above complainants against the defendants, composing the town council of the incorporated town of Victoria, to restrain them perpetually from selling certain timbered lands, part of the town tract of said town, which had been reserved for and dedicated to the public common use of the citizens by an ordinance of the town council made in 1839. A town proper was laid off, with its streets and squares, at the same time and by same ordinance.

## Wright v. Town of Victoria.

The complainants respectfully submit that there was a clear and absolute dedication to the public use of the streets, squares, and commons (timbered lands) of the town by the ordinance [376] of the town council in 1839, set out in the complainants' bill. (Cincinnati v. The Lessee of White, 6 Per. R., 4??; Pittsburg Case, 6 Pet. R., 131, 498; McConnel v. The Town of Lexington, 12 Wheat., 582; Beatty v. Kurtz, 2 Pet. R., 21; New Orleans Case, 10 Pet. R., 715, 730.)

They submit that the town council had full authority to make such dedication, and that it was within the general purview of their trust. The bill alleges and the demurrer admits that the free and common use of the timbered lands was essential to the comfortable existence of the citizens; that the growth and prosperity of the town has been in a great measure effected by this free and common right, as it enabled persons to erect buildings and make fences and other improvements upon the timbered lots who could not, without this right, have made any such improvements, and who consequently would not have purchased property or settled in the town; that the prairie or untimbered outlots would have been utterly valueless without this privilege or right appurtenant, as no means within the power of the citizens existed of procuring either building timber, fencing, or fuel, except from the town tract; and that, in consequence of this dedication, the otherwise valueless lots sold at $5 and upwards per acre, and brought into the treasury of the corporation a large sum of money, fully compensating the town for the value of the timbered lands dedicated.

In view of these facts, the complainants submit that the town council had the same right to dedicate the timber to the free and common use and enjoyment of the citizens as they had to appropriate the streets and squares of the town to such use, and that the right to dedicate is as ample in the one case as in the other, and stands precisely on the same basis. (United States v. City of New Orleans, 10 Pet. R., 715; 1 Bl. Com. 476, 478.)

To suppose that because the streets and squares of the town have not been actually sold and the fee therein divested by a sale, therefore the present or a subsequent town [378] council can sell them, and thus deprive the citizens of their free and common use, would, the complainants believe, be an absurdity too apparent to merit any attempt at refutation. A dedication to public uses stands upon an entirely different basis from an ordinary sale; no grantee need be in esse at the time; no grantee in particular need be named in the act of dedication; no formalities of transfer (as the signing and sealing a deed) are necessary. (Lutheran Church Case, cited in the Cincinnati Case, 6 Pet. R., 498, and the authorities generally before cited.)

The bill also alleges that the appropriation of these timbered lands to their free and common use was acquiesced in by them, and that they have exercised the right conferred thereby freely and without restriction to the present time, ten years.

Complainants submit that the town council of 1839 had the right to make this dedication to public uses, because it was necessary for the advancement and prosperity of the town, then starting into existence, and absolutely essential to the use of other town property; that they did make the dedication, and that thereby the right to these lands became, in common with the streets and squares of the town, specially vested in the citizens for their free and common use and enjoyment, which not even the Legislature can now divest.

The remedy sought by the complainants is the proper one. (2 Story Eq., secs. 892, 913, 915, 924–927, note, 954, 958; Eden on Injunctions, 158.)

*Allen*, for appellee.

LIPSCOMB, J. By an act to incorporate the city of San Antonio and other towns therein named it is enacted in the 8th section: "That the said council, in conjunction with the justices of the County Courts, are hereby empowered and authorized to sell and alienate such public lots or parcels of land as may

lie within their jurisdiction, and to which there is no legal claim or title, and also to dispose of such houses [379] or other buildings as may have formerly been the property of the corporation of the said city; and the council may sue for and recover all the debts, forfeitures, &c., accruing or due to the said corporation, the proceeds of such sales to be appropriated to the erection or repairs of a court-house, jail, and other public edifices as may be deemed most fit, and to the erection and endowment of a public school." This is the section that confers on the corporation the power to sell, and enumerates the objects for which such sale may be made; but it does not confer the power on the council to prohibit or to restrain successive boards from discharging the like power. This power will exist as long as there is any such property appertaining to the corporation unsold for the authority to act upon. The appellants set up a claim under an ordinance adopted by a council exercising no jurisdiction rightfully, not conferred by the charter of incorporation. All acts not authorized by the charter are void, and could confer no legal rights. If in the sale to the appellants a condition has been coupled with such sale that the timbered lands or any other lands not sold shall remain unsold, as a common appurtenant to the purchases made by appellants, such conditions, being in violation of the charter, could vest no such right in the purchaser. Whether such want of authority to sell, with such privileges, would afford to the purchasers a right to a rescission of the contract is not now before us for adjudication. There is certainly no ground for relief shown in the bill, and it was right and proper to sustain the demurrer; and the judgment is affirmed.

Judgment affirmed.

